IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00161-RJC
3:13-cr-00263-RJC-DCK-16

| | |
|---|---|
| SHAKEAM DYRELL BERNABELLA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration on Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. 1), and the Government's Response. (Doc. 4).

I. BACKGROUND

On April 8, 2014, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 1); and one count of conspiracy to possess with intent to distribute cocaine base ("crack cocaine"), also in violation of §§ 846 and 841(b)(1)(A) (Count 2). (3:13-cr-00263, Doc. No. 108: Bill of Indictment; Doc. No. 170: Plea Agreement; Doc. No. 173: Acceptance and Entry of Guilty Plea). On March 2, 2015, Petitioner was sentenced to concurrent terms of 151-months' imprisonment on Counts 1 and 2. (Id., Doc. No. 332: Judgment). Petitioner did not file a direct appeal.

On or about April 5, 2016, filed the present § 2255 Motion to Vacate in which he raises, among other claims, an argument that his trial counsel failed to file a direct appeal from his criminal judgment despite Petitioner's express instruction that he do so. (3:16-cv-00161, Doc. No.

1

1).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

In its Response to the § 2255 Motion to Vacate, the Government concedes that Petitioner's claim of ineffective assistance of counsel, based on the failure to file a direct appeal after being instructed to do so, has merit if the Court credits Petitioner's sworn statements in his § 2255 Motion

to Vacate. (3:16-cv-00161, Doc. No. 3: Government's Response at 1). Indeed, Petitioner's motion is signed under penalty of perjury and he avers that he believed that his trial counsel had "placed his appeal" after he "had directed him to do so at [his] sentencing hearing." (Id., Doc. No. 1 at 4).[1] Further, Petitioner repeatedly swears throughout his petition that he did not present the remaining substantive claims on direct appeal <u>because</u> his trial counsel failed to file the appeal.

After examining Petitioner's § 2255 motion, and the applicable law, the Court finds that Petitioner's § 2255 motion should be granted, in part, because he has set forth an adequate claim that he expressly instructed his attorney to file a direct appeal, but his attorney failed to do so. <u>See, e.g.</u>, <u>Evitts v. Lucey</u>, 469 U.S. 387, 391-405 (1985) (defendant presumed to suffer prejudice in the wake of attorney's failure to file direct appeal after being instructed to do so); <u>Rodriguez v. United States</u>, 395 U.S. 327, 330-32 (1969).

Because Petitioner has presented sufficient evidence that he was denied his statutory right to appeal – and the Government offers no evidence to the contrary – the Court will vacate his judgment, and enter an amended judgment from which he may file a direct appeal. Petitioner is instructed that he must file his appeal within 14-days from entry of the amended judgment. Petitioner's remaining claims for relief will be dismissed without prejudice to his ability to present those issues in a subsequent collateral proceeding should he choose to do so.

IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 Motion to Vacate will be granted in part and dismissed in part.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 Motion (Doc. 1) is **GRANTED IN PART** for the reasons

---

[1] The page citations are to page numbers that are located at the bottom footer that is generated by the Clerk's Electronic Case Filing System.

stated. The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment filed on April 20, 2015. (3:13-cr-00263: Doc. No. 332: Judgment).

2. Petitioner shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit.

3. Petitioner's motion for appointment for counsel is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Signed: July 26, 2016

Robert J. Conrad, Jr.
United States District Judge